IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Helen Lebby, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 3:17-3105-MBS |
| | ) |
| vs. | ) **AMENDED COMPLAINT** |
| | ) |
| American General Life Insurance Company, | ) Jury Trial Requested |
| | ) |
| Defendant. | ) |

Plaintiff Helen Lebby (hereinafter referred to as "Plaintiff"), by and through her undersigned attorneys, brings this action against American General Life Insurance Company (hereinafter referred to as "Defendant") and avers as follows:

## PRELIMINARY STATEMENT

Plaintiff filed an original complaint in this case in the Richland County Court of Common Pleas for the Fifth Judicial Circuit which alleged AIG Direct Insurance Services, Inc., as the Defendant in this case. Subsequently, the Defendant removed this case to Federal Court. Thereafter, the Defendant notified Plaintiff that the correct Defendant in this case is American General Life Insurance Company. Plaintiff has, therefore, prepared this Amended Complaint which correctly identifies and substitutes American General Life Insurance Company as the Defendant in this case. Plaintiff will file a timely notice of dismissal for AIG Direct Insurance Services, Inc. and/or consent to a Stipulation of the same.

## PARTIES

1.   Plaintiff is a citizen and resident of Columbia, South Carolina in the County of Richland.

Page **1** of **6**

2. Defendant American General Life Insurance Company is a corporation doing business in Columbia, South Carolina and is legally organized and existing under the Code of Laws of the State of Texas.

## JURISDICTION

3. The substantial part of the actions herein complained of took place in Richland County, South Carolina.

4. This Court has personal jurisdiction over the parties and subject matter jurisdiction over the claims raised in this Complaint pursuant to the diversity of citizenship between the parties and the amount in controversy (28 USC §1332).

## VENUE

5. Venue is proper in this Court because the substantial part of the alleged acts or omissions giving rise to the causes of action occurred in Richland County, State of South Carolina.

## FACTS

6. On May 17, 2016, Plaintiff's uncle, Alexander Huff, was hit by a car as he was walking on the sidewalk on or around 9:30 p.m. Huff was a resident of Columbia, South Carolina.

7. Following the accident, Mr. Huff was transported to Palmetto Health Richland, where he succumbed to his injuries on May 18, 2016.

8. Following the death of Mr. Huff, Plaintiff was notified of his death.

9. At the time of Mr. Huff's death, Mr. Huff was insured under a Policy of Accidental Insurance listing Plaintiff as the beneficiary.

10. The accident insurance coverage policy was issued by Defendant on or about May 23, 2012 and was in full effect at the time of Mr. Huff's death, with Plaintiff listed as the holder of the policy and the beneficiary.

11. On May 23, 2012, American General Life Insurance sent a letter to Mr. Huff stating their accident insurance coverage on Mr. Huff was one hundred twenty-five thousand dollars ($125,000.00). Defendant then issued Mr. Huff an accident insurance coverage policy. Mr. Huff presented the policy to Plaintiff, since she was the named beneficiary.

12. Plaintiff promptly paid the life insurance every month up until her uncle's death, with Mr. Huff having direct knowledge of Plaintiff paying his premiums.

13. After the death of Plaintiff's uncle, Plaintiff went online and retrieved a claim form from Defendant's website. Plaintiff mailed the completed form to Defendant on or about July 5, 2016. Defendant received the claim form on July 9, 2016.

14. On July 26, 2016, Defendant wrote Plaintiff a letter acknowledging that they received the claim form, and asking the Plaintiff to fill out a Hippa form and a medical release form for Palmetto Health.

15. Immediately following the letter, Plaintiff filled out the required forms on or about July 27, 2016 and mailed the forms to Defendant, along with a request that Defendant tender the policy limits.

16. On October 28, 2016, Defendant wrote Plaintiff a letter acknowledging receipt of the accidental death benefits claim form and requested payment from Plaintiff. In the letter, Defendant stated that they requested medical records from Palmetto Health Richland on July 26, 2016.

17. Additionally, Defendant also stated in the October 28, 2016 letter that they forwarded the information they received from Plaintiff to Palmetto Health on September 19, 2016. Defendant also stated that Palmetto Health Richland requested "probate court documents with a seal appointed special administrator." There is no evidence this request was made by Palmetto Health, and if so it does not alter Plaintiff claims for payment. It is clear that this was nothing more than a pretextual and fraudulent stall tactic by Defendant designed to frustrate Plaintiff into discontinuing her claim for benefits.

18. After Plaintiff received this letter, on December 11, 2016, Plaintiff wrote a letter to Defendant that was mailed on December 13, 2016. Defendant received the letter on December 17, 2016.

19. Plaintiff stated in her December 13, 2016 letter that probating an estate is not necessary for payment of proceeds from life insurance to which she was the beneficiary. Plaintiff also asked if Defendant was going to pay her the policy limits of one hundred twenty-five thousand dollars ($125,000.00), but Defendant never answered her question.

20. Following the letter the Plaintiff sent on December 13, 2016, Plaintiff received a letter from Defendant on February 14, 2017 acknowledging receipt of the accidental death benefits and request for payment. Defendant's February 14, 2017 letter was the same letter to Plaintiff that Defendant had previously sent on October 28, 2016, with the same date on the letter which further evidenced the Defendant's intent to defraud Plaintiff of her right to recover the contracted policy proceeds.

21. In the February 14, 2017 letter Defendant asked for the same medical form that Plaintiff had already given to Defendant on or around July 27, 2016. However, this letter did not contain any enclosures.

22. Plaintiff made numerous attempts to collect the Insurance Policy limits only to receive no responses from Defendant. Defendant has been unresponsive and has worked to actively prevent Plaintiff from recovering benefits which she is contractively obligated to receive.

23. On May 13, 2017, Plaintiff received another letter from Defendant stating that they never received the requested probate documents and they were closing the file. This was the last correspondence between Plaintiff and Defendant.

24. Plaintiff believes Defendant's actions were evasive, designed with deliberate intent not to pay, and that the information which they requested regarding probate is fraudulent and designed to frustrate Plaintiff and delay payment. Defendant's actions are a pretext to prevent payment of the Insurance Proceeds to Plaintiff.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

25. The Plaintiff reiterates and every allegation contained in the preceding paragraphs is as if set forth verbatim herein.

26. Plaintiff and Defendant entered into a binding and valid contract insuring Plaintiff's uncle, Mr. Huff, with an accidental life insurance death policy and listing Plaintiff as a beneficiary. Defendant's contract named Plaintiff as the designated beneficiary on the policy for accidental death coverage to include death benefits.

27. Plaintiff, as a result of her designation as beneficiary was in privity of contract with Defendant directly, as well as making her a third party beneficiary of the original insurance contract between Mr. Huff and Defendant.

28. At all times, Plaintiff relied on the specific promises contained in the accidental coverage contract which included but is not limited to a guarantee that upon the death of Mr. Huff, Plaintiff would receive payment of the benefit amount.

29. Defendant breached its insurance contract with Plaintiff and its own policies and procedures by failing to pay Plaintiff the policy limits of one hundred twenty-five thousand dollars ($125,000.00).

30. Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the insurance contract.

31. As a direct and proximate result of Defendant's breach, Plaintiff has suffered emotional distress, loss of sleep, anxiety, along with failure to receive the policy benefits in the amount of one hundred twenty-five thousand dollars ($125,000.00).

32. Upon information and belief, Plaintiff is entitled to a judgment for actual, compensatory, and punitive damages against Defendant on account thereof.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT WITH FRAUDULENT INTENT

33. The Plaintiff reiterates each and every allegation contained in the preceding paragraphs is as if set forth verbatim herein.

34. Plaintiff and Defendant entered into a binding and valid contract whereby Defendant offered Plaintiff's uncle, Mr. Huff, accidental life insurance death policy. Defendant's

contract required the Plaintiff, the designated beneficiary, on the policy for accidental coverage to include death benefits.

35. At all times, Plaintiff relied on the specific promises contained in the accidental coverage contract.

36. Defendant breached its insurance contract with Plaintiff as set forth in its accidental coverage policy by failing to pay Plaintiff the policy limits of one hundred twenty-five thousand dollars ($125,000.00).

37. Defendant, in furtherance of such intentional design, committed the following fraudulent act: Refused to pay Plaintiff the policy limits of one hundred twenty-five thousand dollars ($125,000.00). Therefore, Defendant sought out and fraudulently breached the agreement between Plaintiff and Defendant by deliberately refusing to follow its own policies and procedures. Defendant created pretextual reasons to delay, and frustrate Plaintiff to prevent payment and pretextually closed the Claim of Insurance.

38. Plaintiff has been maligned, suffered emotional distress, loss of sleep, anxiety, and humiliation as a proximate result of Defendant's fraudulent breach of contract.

39. Defendant acted in a malicious, deliberate, intentional way, and with a deliberate indifference to the rights of Plaintiff.

40. Therefore, Plaintiff is entitled to an award of actual, compensatory, and punitive damages against Defendant in an amount to be proven at trial.

## THIRD CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

41. Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the insurance contract.

42. Defendant refused to pay a third-party claim to Plaintiff, the beneficiary, in willful and conscious disregard of Plaintiff's rights under the policy.

43. Defendant was aware that Plaintiff was a Party and a third party beneficiary to the contract, as Defendant's contract form required the designated beneficiary on the policy for accidental coverage to include death benefits. Plaintiff as beneficiary was in privity of contract with Defendant.

44. As a result, Plaintiff is not only the beneficiary, but additionally a party to the contract by Defendant's own terms and agreement, and in privity of contract with Defendant.

45. Defendant consciously refused to pay the benefits due under the contract to Plaintiff, resulting from Defendant's bad faith and unreasonable action in breach of an implied covenant of good faith and fair dealing in the contract of insurance.

46.     Defendant had no objectively reasonable basis for denying Plaintiff the benefits due under the contract and Plaintiff has been injured by Defendant's failure to pay.

47.     Therefore, Plaintiff is entitled to an award of actual, compensatory, and punitive damages against Defendant in an amount to be proven at trial.

## JURY TRIAL DEMANDED

47.     Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that she is granted a judgment against Defendants on all causes of action for actual damages, for compensatory damages, for punitive damages, for the cost of this action and such further relief as may be deemed just and proper.

Respectfully submitted:

By:     s/Donald Gist_____
        Donald Gist, Esquire (7178)
        Aaron V. Wallace, Esquire (11469)
        *GIST LAW FIRM, P.A.*
        4400 North Main Street
        Columbia, South Carolina 29203
        Telephone: (803) 771-8007
        Fax: (803) 771-0063
        *Attorneys for Plaintiff*

November 20, 2017